IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORENE CATHERINE CONKLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-263 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 7th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raise two primary arguments as to why she believes that the Administrative Law Judge ("ALJ") erred in finding her not to be disabled pursuant to the Act. After careful review, the Court finds no merit to these arguments and, instead, finds that substantial evidence supports the ALJ's decision.

Plaintiff's first argument involves the ALJ's consideration of the Dictionary of Occupational Titles ("DOT") at Step Five of the Social Security Administration ("SSA")'s sequential process. "The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *McHerrin v. Astrue*, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)). Plaintiff contends that the jobs which the vocational expert ("VE") found that she could perform at Step Five – marker, electrical accessories assembler, and photocopy machine operator – are incompatible with her residual functional capacity ("RFC") as determined by the ALJ. Specifically, she contends that the RFC limited her to work involving no more than "office-level" noise (R. 912, 963), and that each of the jobs referenced by the ALJ involves a greater level of noise than "office-level." This assertion is premised on her claim that, pursuant to the DOT, each of these jobs involves a noise level of 3 (moderate), and that under the SSA's Program Operations Manual System ("POMS"), an illustrative example of work involving noise level 3 would be department or grocery positions, whereas an office level of noise is more consistent with a noise level of 2 (quiet). *See* POMS TN-13, https://secure.ssa.gov/poms.nsf/lnx/0425001001. Plaintiff argues that this inconsistency between the DOT and the VE's testimony and the ALJ's ultimate finding that she could perform the jobs of marker, electrical accessories assembler, and photocopy machine operator requires that this case be remanded.

The Commissioner disagrees that there is any inconsistency between office level noise and a noise level of 3, pointing to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), arguing that office work could very well involve a noise level of 3. Under the SCO, illustrative examples of noise level 2 work include work at libraries, many private offices, funeral receptions, golf courses, and art museums. Examples of noise level 3 work includes work in business offices where typewriters are used, department stores, grocery stores, light traffic, and fast-food restaurants at off-hours. The Commissioner contends that a restriction to office level noise would be consistent with a noise level of 3. The Court tends to agree with her.

First, the Court notes that Plaintiff is incorrect in her assertion that definitions in the POMS necessarily take precedence over those in the SCO. Social Security Ruling 00-4p, cited by both parties in this case, provides that, "in making disability determinations, [the SSA relies] primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy." SSR 00-4P at *2. It specifies that these two publications are the ones used "at steps 4 and 5 of the sequential evaluation process." *Id.*

Therefore, contrary to Plaintiff's assertions otherwise, the SCO is to be consulted in determining the qualifications and characteristics of occupations listed in the DOT. It is, in fact, in the SCO that the positions at issue are identified as involving noise level 3. Therefore, it follows that the definition of the various noise levels contained in the SCO must be considered in determining whether there is inconsistency between a VE's testimony and the DOT. *See id.* at *1 (indicating that in order to rely on VE evidence to support a disability determination, an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the [DOT], including its companion publication, the [SCO], and [e]xplain in the determination or decision how any conflict that has been identified was resolved.").

Therefore, Plaintiff's argument that the definition of noise level in the POMS "trumps" the definition in the SCO is inconsistent with SSR 00-4p. However, it really does not matter, as the two are not at odds. The POMS, in setting forth "illustrative examples" of noise levels, merely picks out some, but not all of the examples in SCO. Indeed, the POMS, when referring to noise level, specifically references the SCO. Both the POMS and the SCO expressly give as an example of quiet work "many private offices," not office work in general. All of this demonstrates no apparent conflict between the two; they simply differ in the level of detail they provide. Given all this, the Commissioner is correct that "office level" noise does not specifically match up with a level 2 noise level and could be consistent with a level 3. Only many (but not all) private office jobs necessarily involve a noise level of 2.

Indeed, even assuming that Plaintiff is correct that the ALJ could consult only the POMS and not the SCO, it would still not establish an inconsistency. Again, the examples given for quiet levels of noise in the POMS are library work and many private offices. The RFC did not limit Plaintiff to the noise level existent in a private office, but merely to office level noise in general. If anything, the use of the term "private" in the example for level 2 office work implies that other kinds of office work are performed at higher noise levels. To the extent that general office work could encompass varying noise levels depending on the nature of the work, the VE specifically stated that for variables not identified in the DOT, he relied on his education, training, and experience as a vocational rehabilitation consultant and counselor. (R. 966).

Regardless, even if the Court were to find that such an inconsistency technically exists, it would not warrant remand under the circumstances of this case. As the Third Circuit Court of Appeals explained in *Zirnsak v. Colvin*, 777 F.3d 607 (3d Cir. 2014), remand is not necessary in such cases where the ALJ discharged his or her duty to ask the VE whether his or her testimony was consistent with the DOT on the record and where the following factors were met: (1) the claimant did not seriously argue an inability to perform the jobs in question and the record supports a finding that he or she can perform such work; (2) the claimant did not point out the conflict at the hearing; and (3) the challenged jobs were only representative examples. *See id.* at 618-619.

The situation here is much the same as in *Zirnsak*. First, the ALJ did, in fact, ask the VE, "So would it be accurate to say that your testimony does not conflict with the DOT, but there are areas where you have supplemented based on your knowledge and experience?" to which the VE

responded, "That is accurate your honor." (R. 966). Further, here, as in *Zirnsak*, Plaintiff has made no real argument that she could not perform the occupations at issue, and the ALJ discussed the medical evidence and its impact on Plaintiff's functional limitations at great length. Moreover, Plaintiff did not raise any inconsistencies at the hearing. Finally, the jobs the ALJ found Plaintiff could perform were identified as "representative occupations." (R. 916). Accordingly, there is no basis for remanding the case based on this argument. *See also Brush v. Colvin*, Civ. No. 3:14-cv-2143, 2015 WL 3866078 (M.D. Pa. June 23, 2015).

Plaintiff's second argument is that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to take the actions recommended by the Appeals Council in the remand order. She contends that "[g]iven the exact language of the Appeals Council stated the ALJ was required to obtain additional medical evidence, this failure to follow the order is legal error and remand is required." (Doc. No. 19, p. 10). She further argues that, without such additional evidence, the RFC had no basis for determining her RFC, as he assigned little or no weight to the three medical opinions in this matter and therefore relied on no opinion evidence in formulating the RFC. These arguments are both factually and legally incorrect.

First, the Appeals Council did not, as Plaintiff contends, "state[] the ALJ was required to obtain additional medical evidence." Rather, the remand order from the Council stated that upon remand, the ALJ will "***consider*** the need to obtain evidence from a medical expert (ME) related to the nature, severity, and limiting effects resulting from the claimant's mental impairments." (R. 980) (emphasis added). The remand, therefore, did not require the ALJ to do anything more than consider whether additional evidence as to Plaintiff's mental impairments was needed, which the ALJ expressly did. (R. 906).

Moreover, to the extent that Plaintiff argues that the ALJ's findings lacked the support of substantial evidence because they were not backed by a specific medical opinion, the Court emphasizes that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Of course, it is true that an ALJ must explain the basis for the RFC finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001). Here, the ALJ explained at significant length how and why he formulated the RFC the way he did, citing to specific evidence and explaining how that evidence warranted the

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

limitations included in the RFC.  The Court finds the ALJ's discussion to be more than sufficient and to be supported by substantial evidence.

     Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.  The Court will therefore affirm.